IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Joy Morris, | ) | Civil Action No.: 7:05-3572-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Phillip C. Jernigan, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the plaintiff's motion to remand which was filed on January 20, 2006. The plaintiff's motion seeks an Order from this Court remanding this case to the South Carolina Court of Common Pleas for the Seventh Judicial Circuit. The plaintiff asserts the following grounds in support of remand: (1) the Notice of Removal filed by the defendant is untimely; and (2) removal is not proper based upon diversity of citizenship since the plaintiff and defendant are both citizens of the State of South Carolina.

The defendant filed a response to the motion to remand on January 23, 2006, in which the defendant acknowledges that the Notice of Removal was filed untimely and, therefore, the defendant consents to the case being remanded to State court. As such, the plaintiff's motion to remand is **GRANTED** and this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Seventh Judicial Circuit.

The plaintiff's motion to remand also requests attorney's fees and costs be awarded to the plaintiff pursuant to 28 U.S.C. § 1447(c), however, the plaintiff does not provide any grounds for this request in the motion. Defense counsel indicates in the response to the motion to remand that she has spoken with counsel for the plaintiff and he represented that the plaintiff is no longer seeking attorney's

fees and costs.

Regardless of whether or not the plaintiff is still requesting attorney's fees and costs, this Court finds they are not warranted under the circumstances presented in this case. The Court notes that 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court." Georgetown Condominiums Homeowners' Ass'n v. Community Apartments Corp. of Forsyth County #3, 387 F.Supp.2d 512, 515 (M.D.N.C. 2005) (citing Parker v. Johnny Tart Enters., Inc., 104 F.Supp.2d 581, 585 (M.D.N.C.1999)).

While the defendant is the case at bar concedes in the response to the motion to remand that the Notice of Removal was untimely, he argues that there is diversity of citizenship among the parties as he is a citizen of the State of North Carolina. For this reason, the Court finds that other than the untimeliness of the Notice of Removal, the defendant's argument for removal is at least colorable. Therefore, this court will exercise its sound discretion in this matter and **DENY** the plaintiff's request for attorney's fees and costs.

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

January 25, 2006
Florence, South Carolina